## No. 123
### UNIONTOWN ESTATES CO. v. HECKMAN
For full opinion see Akron Daily Legal News, January 15, 1923
Ohio Court of Appeals, Summit County
No. 720. Nov. 28, 1922

MISJOINDER OF ACTIONS—(1) Allegations that defendants combined for purpose of fraud, sufficient to charge conspiracy—(2) Allegations that several of a number of defendants knew of fraud and acted with such knowledge includes such persons as defendants—(3) Allegations that one of several defendants knew of fraud makes such person proper party to the action—(4) No misjoinder of actions when all defendants are shown to be proper parties.

This opinion has not been published elsewhere.

WASHBURN, P. J.

Epitomized Opinion

The petition alleges that Heckman, having options on certain farms, interested several persons in furnishing capital to purchase, improve and sell said farms, Heckman to receive, secretly, a commission from the owners of said farms. Petition further alleges that Heckman confided in his brother and one Barnholt, both of whom agreed to assist him in carrying out his plan.

The petition further alleges that the land owners knew of the intended fraud, that they knew that Heckman was the confidential advisor of the Estates Co., a corporation which Heckman had formed for his fraudulent purpose, and to whom he intended to sell the farms, and that the land owners, with one exception, agreed to keep secret the fact that they were paying Heckman a commission. The petition alleges that one of the land owners, although he did not agree to pay Heckman a commission, knew of the fraud and profited thereby. The lower court sustained a demurrer to the petition on the ground of misjoinder of several causes of action and failure to state sufficient facts to constitute a cause of action.

1. An allegation in a petition that the defendants combined for purpose of fraud is a sufficient charge of conspiracy to maintain an action, although the word "conspire" is not used.

2. An allegation in a petition that several of a

(Continued on Page 170)

# QUASI JUDICIAL OPINIONS

## State Officers and Boards

### No. 125

### In re ADJUSTED COMPENSATION

No. 3776. Dated Dec. 1, 1922

**MILITARY SERVICE — Continued during the Worlds War—Prior residence in Ohio not lost— Entitled to adjusted compensation.**

The residence of a soldier is not changed by the fact that he entered the military or naval service, hence these men did not cease to be residents of Ohio by entering these services prior to the entry of the United States into the World's War. Those who were residents of Ohio prior to the declaration of war and prior to the time they entered the military service and continued therein without break or interruption after their entrance, between the dates of April 6, 1917, and November 11, 1918, are entitled to "adjusted compensation" under Section 2a of Article VIII of the Ohio constitution.

---

### No. 126

### In re UNION CEMETERIES

No. 3790. Dated Dec. 13, 1922

**CEMETERIES—Power of Union Cemeteries to acquire exceeding 100 acres of land.**

The Union Cemetery at Greenville, O., uses some 40 acres of land for burial purposes and desires to purchase 88 acres adjoining the original tract. The question to be determined was whether this could be done legally under 4183 GC., authorizing such cemeteries to purchase or appropriate land therefor "not exceeding in extent 100 acres." The opinion traces the history of the legislation and decides that in the calculation of the acreage no consideration need be given to lands acquired by methods other than by purchase or appropriation.

---

### No. 127

### In re TEACHERS' INSTITUTE

No. 3752. Dated Nov. 25, 1922

For full opinion see Department Reports, January 18, 1923

**TEACHERS' INSTITUTE—Resolution to hold need not be passed before February 1. The statute, 7868 GC., not mandatory—County funds available if passed later.**

Notwithstanding the provisions of 7868 GC. that county boards of education shall, before February 1 each year, decide by formal resolution whether a county teachers' institute shall be held in the county during the current year, if such a resolution was so passed after February 1, and a teachers' institute thereafter held in the county, the expense can be legally paid from the county funds.

It would hardly seem the intent of the law that the teachers' institute should fail to be held in any county in any year simply because the county board had failed in the month of January to pass the resolution deciding that it should be held. The provision is directory only.

### OHIO COURT OF APPEALS

(Continued from Page 169)

number of defendants knew of a fraud and acted with such knowledge is sufficient statement of facts to constitute a cause of action against such defendants.

3. An allegation in a petition that one of several defendants knew of an intended fraud and profited thereby is sufficient statement of facts to constitute a cause of action against such defendant.

4. When all the defendants named in a petition are shown to be proper parties to an action it follows that there is no misjoinder of actions.

Attorneys—Charters M. Hamill and Watters, Andress, Southworth, Wise & Maxon, for the Estates Co.; Commins, Brouse, Englebeck & McDowell, Slabaugh, Young, Seiberling, Huber & Guinther, Frank & Ream, H. W. Schwab and Underwood & Hutchison, for Heckman.